IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA HAMIEL<br>      Plaintiff, | : | |
| v. | : | CIVIL ACTION<br>NO. 14-4131 |
| PATRICK DONAHOE, Postmaster<br>General, United States Postal Service<br>      Defendant. | : | |

**MEMORANDUM**

**Jones, II    J.**                                                                                                                **May 13, 2015**

**I.    INTRODUCTION**

The instant matter arises from the termination of Plaintiff's employment with the United States Postal Service. Plaintiff has filed suit alleging discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*. Now before the court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendant's Motion shall be granted.

**II.    FACTUAL BACKGROUND**

Plaintiff began her employment with the United States Postal Service in 1988, when she was hired as a Full Time City Carrier. (Compl. ¶¶ 16-17.) Plaintiff alleges that beginning in August 2011, she was assigned a mail route that was impossible to complete within the time allotted. (Comp. ¶¶ 27-31.) Plaintiff claims she made several written requests for additional time and/or assistance with completing the route and said requests were denied. (Compl. ¶¶ 32-37, 40.) After not completing her route on July 16, 2012, Customer Service Supervisor

1

Dewayne Bowman (African American male) allegedly instructed Plaintiff to clock out and gave the undelivered mail to another carrier to deliver. (Compl. ¶¶ 34, 38, 41.) On July 20, 2012, Mr. Bowman issued Plaintiff a Notice of Proposed Removal and on August 15, 2012, Defendant issued Plaintiff a Notice of Removal for Failure to Follow Instructions. (Compl. ¶¶ 42-43.) Plaintiff contends that after issuing the Notice of Removal, Defendant replaced Plaintiff with a Caucasian female. (Compl. ¶¶ 49-50.)

### III.    STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

## IV. DISCUSSION

### A. Consideration of Defendant's Exhibits

As a preliminary matter, Plaintiff objects to this Court's consideration of Defendant's exhibits for purposes of rendering a decision on the instant motion. Generally, a district court may not consider matters outside the pleadings in deciding a motion to dismiss, unless the court exercises its discretion to consider the matter under Rule 56 summary judgment principles. *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992). "However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)); *see also Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"). This exception is intended to prevent plaintiffs from avoiding dismissal merely by failing to attach documents as exhibits. *Pension Benefit*, 998 F.2d at 1196.

Defendant has attached five exhibits to its Motion: the Notice of Removal (dated August 15, 2012); the "Step B" grievance decision (dated December 24, 2012); the Arbitrator's Award (dated March 7, 2013); the Information for Pre-Complaint Counseling (dated April 3, 2013); and the EEOC Complaint (dated May 16, 2013). (Def. Mot. Dismiss, Exs. 1–5.) Plaintiff does not

3

dispute the authenticity of these documents, but instead argues that Exhibits 1–4 should be excluded from the court's consideration of the instant Motion to Dismiss. (Pl. Opp'n 5 n.2.)[1]

The documents attached to Defendant's Motion are precisely the type that courts in this Circuit have routinely considered at this stage of the proceedings in employment discrimination suits. *See e.g.*, *Ruddy v. United States Postal Serv.*, 455 F. App'x 279, 282-283 (3d Cir. 2011) (upholding dismissal of complaint in case where magistrate judge relied on EEOC file to determine the date of a plaintiff's contact with counselor); *Scocozza v. New Jersey*, Civ. No. 14-2095, 2014 U.S. Dist. LEXIS 165793, at *5–6 (D.N.J. Nov. 25, 2014) ("In the context of employment discrimination suits, courts have considered, without converting, [state agency] orders and investigations") (citing *Chugh v. W. Inventory Servs., Inc.*, 333 F. Supp. 2d 285, 289 (D.N.J. 2004)); *Hilburn v. Dep't of Corr.*, Civ. No. 07-6064, 2010 U.S. Dist. LEXIS 15777, at *38–42 (D.N.J. Feb. 22, 2010) (considering EEOC charge — produced by defendants but referred to in plaintiff's opposition brief — "demonstrate[ing] that the filing was not timely, a fact somewhat artfully omitted from Plaintiff's opposition brief"); *Kuper v. Colonial Penn Ins. Co.*, Civ. No. 99-172, 1999 U.S. Dist. LEXIS 7179, at *3–4 (E.D. Pa. May 18, 1999) (considering "various documents generated or maintained by the [EEOC] in the course of its investigation and processing of [plaintiff's] discrimination charge"); *Arizmendi v. Lawson*, 914 F. Supp. 1157, 1161 (E.D. Pa. 1996) (considering Right to Sue letter attached to defendant's motion to dismiss).

First, Plaintiff pleaded the Notice of Removal as a fact and referenced the contents of that document in her Complaint. (Compl. ¶¶ 20, 43–44, 46.) Second, Plaintiff inherently relies upon the Information for Pre-Complaint Counseling to establish "April 3, 2013" as the date relevant to

---

[1] Def. Ex. 5 is Plaintiff's EEO Complaint, which Plaintiff attached to her Complaint. (Compl. Ex. A.)

the timeliness and exhaustion of her administrative remedies. (Compl. ¶¶ 8–9; Pl. Opp'n 6–7.) Third, Exhibits 1-3 are integral to Plaintiff's Complaint; while pleading the Notice of Removal artfully avoids detailing the grievance process, the Notice itself predicates the "effective date of [Plaintiff's] removal" upon the existence of a Step B grievance decision. (Compl. ¶¶ 20, 43-44, 46, 52, 69.)[2] The Step B decision is dated "December 24, 2012," and the Arbitrator's Award denied the grievance on March 7, 2013. (Def. Mot. Dismiss, Ex. 2–3.) These documents are therefore integral to Plaintiff's pleading that the Notice of Removal was effective March 7, 2013. Finally, Plaintiff herself has used the Arbitrator's Award to argue that EEO proceedings were timely. (Pl. Opp'n 5–7.)

Because Plaintiff does not challenge the authenticity of Defendant's attachments, the documents are integral to the Complaint, and plaintiffs generally should not be permitted to circumvent dismissal merely by neglecting to attach such documents, this Court finds that it may consider the Exhibits in ruling on the instant Motion to Dismiss.

### B. Timeliness and Exhaustion of Plaintiff's Administrative Remedies

Defendant does not dispute that — assuming Plaintiff's pre-complaint request for counseling was timely — Plaintiff timely filed an EEO Complaint within fifteen days of receiving a Notice of Right to File Individual Complaint. (Def. Reply 1.) Rather, the question presented by Defendant's Motion is whether Plaintiff timely initiated administrative proceedings

---

[2] Plaintiff pleads: "On August 15, 2012, USPS issued Plaintiff a Notice of Removal for Failure to Follow Instructions, effective March 7, 2013." (Compl. ¶ 20.) However, the Notice of Removal does not mention "March 7, 2013," but states:
> This is a written notice that you will be removed from the Postal Service no sooner than 30 calendar days from your receipt of this notice. If a grievance is initiated, the effective date of your removal will be deferred until after a decision has been rendered at Step B of the grievance procedure or (14) fourteen days after the appeal is received at Step B, whichever comes first.

(Def. Ex. 1.)

under 29 C.F.R. § 1614.105(a)(1). (Def. Mot. Dismiss 3–4.) Said regulation provides that "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1) (relating to Equal Employment Opportunity pre-complaint counseling).

Here, it is undisputed that Plaintiff filed her Information for Pre-Complaint Counseling on April 3, 2013. (Def. Mot. Dismiss, Ex. 4; Pl. Opp'n 6–7.) Therefore, to comply with § 1614.105(a)(1)'s forty-five (45) day limitations period, the "effective date" of Plaintiff's termination must have occurred on or after February 17, 2013. Plaintiff argues that the effective date of her termination was March 7, 2013, when an "[a]rbitrator entered an award in favor of USPS with respect to Plaintiff's grievance of her termination." (Pl. Opp'n 6.) In the alternative, Plaintiff argues that the applicable limitations period should be tolled per § 1614.105(a)(2). (Pl. Opp'n 7.)

Defendant maintains that the Step B decision triggered Plaintiff's obligation to exhaust her administrative remedies and that the effective date of termination was actually December 24, 2012, when the Step B decision was rendered. (Def. Mot. Dismiss 2-4.)[3] Upon examination of relevant statutory and case law in conjunction with the facts as stated in the Complaint and presented via Exhibits, this Court finds Defendant to be correct. First, it is well-settled that a right of arbitration under collective-bargaining is independent from the Title VII remedies provided by Congress. *Int'l Union of Elec., Radio & Mach. Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 236-37 (U.S. 1976). Accordingly, termination of employment occurs when an employee "stop[s] work and cease[s] receiving pay and benefits," not when the employee suffers

---

[3] For the purposes of this Motion, Defendant concedes that the Notice of Removal did not trigger the § 1614.105(a)(1) limitations period on August 15, 2012. (Def. Mot. Dismiss 4.)

an unfavorable conclusion of the grievance-arbitration procedure. *Id.* at 234–35. Thus, mere participation in arbitration does not toll § 1614.105(a)(1)'s limitations period. *See e.g.*, *Word v. Potter*, 149 F. App'x 97, 100 n.4 (3d Cir. 2005) ("[C]ommencement of grievance procedures pursuant to anti-discrimination provisions of the operative collective bargaining agreement does not . . . equitably toll[] an administrative timing requirement--i.e. the timely assertion of rights in a mistaken forum").

Second, § 1614.105(a)(2) provides for tolling in limited circumstances: 1) when a plaintiff is not notified — and remains unaware of — the limitations period, 2) when a plaintiff is reasonably unaware that a discriminatory action has occurred, 3) when circumstances beyond the plaintiff's control prevent contact with an EEO counselor, or 4) "for other reasons considered sufficient by the agency or the Commission." 29 C.F.R. § 1614.105(a)(2). In addition, a plaintiff claiming the "unawareness" exception must "demonstrate that [the] lack of awareness as to defendant's actual motivation was reasonable." *Caprio v. Peters*, 345 F. App'x 824, 827 (3d Cir. 2009).

Even accepting all of Plaintiff's factual allegations as true, her EEO contact was untimely and does not qualify for equitable tolling. Plaintiff's own Complaint focuses on the Notice of Removal as establishing the action taken against her, yet wholly fails to explain her subsequent claim that March 7, 2013 was the effective date of that action. (Compl. ¶¶ 20, 43–44, 46.) The Notice of Removal clearly sets potential termination dates: an effective date of removal "no sooner than 30 calendar days from [Plaintiff's] receipt of this notice," an option to defer that date through the grievance procedure, and the effect of those dates on Plaintiff's "on the job or on the clock" status. (Def. Mot. Dismiss, Ex. 1.) Upon receipt, Plaintiff had all the information necessary to trigger § 1614.105(a)(1)'s requirements. *Calter v. Henderson*, Civ. No. 99-5736,

2001 U.S. Dist. LEXIS 19187, at *8–11 (E.D. Pa. Nov. 20, 2001) (arbitration did not toll limitations period, because plaintiff had received a Notice of Removal clearly stating the finality of the removal action and potential effect of grievance on "non-pay, non-duty status"). Ultimately, it was Plaintiff's pursuit of a grievance that firmly established the effective date of termination: December 24, 2012.

    Next, although Plaintiff claims that she became aware of racial discrimination only after Defendant allegedly reduced the size of her former route on April 27, 2013, this fact does not suffice to toll the limitations period under § 1614.105(a)(2). (Compl. ¶ 50; Pl. Opp'n 8.) Plaintiff's single Information for Pre-Complaint Counseling was submitted on April 3, 2013, *before* any new information regarding alleged discrimination purportedly arose. (Pl. Opp'n 7.)[4] More importantly, Plaintiff's actual injury was the loss of employment and the cause of that injury was her termination by Defendant, therefore the limitations period began when Plaintiff learned of those facts. *Wastak v. Lehigh Valley Health Network*, 342 F.3d 281, 287 (3d Cir. 2003) (plaintiff's unawareness of age discrimination did not toll untimely EEO contact, because limitations period began with his knowledge of discharge) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994)). Furthermore, Plaintiff has complained of racial discrimination on three prior occasions. (Compl. ¶¶ 21–26.) Plaintiff has not even attempted to show that her alleged unawareness of discrimination was reasonable in light of these prior complaints.

---

[4] As noted by Defendant, Plaintiff's Information for Pre-Complaint Counseling did not allege racial discrimination, which was first claimed through her EEO Complaint on May 16, 2013. (Def. Mot. Dismiss 6–7; Ex. 4, 5.) Defendant argues that Plaintiff's racial discrimination claim was therefore untimely, even if the effective date was March 7, 2013. (Def. Mot. Dismiss 7.) Plaintiff failed to respond to this argument.

## V.  CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss shall be granted.[5]

An appropriate Order follows.

BY THE COURT:

/s/   C. Darnell Jones, II     J.

---

[5] Although Plaintiff has not requested an opportunity to amend her Complaint in the event of dismissal, any attempt to do so would be futile in view of the court's findings that her claims are time-barred.